UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1407 PA (MAAx) | Date | August 14, 2024 |
|---|---|---|---|
| Title | OJ Commerce LLC v. Traffic Tech, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

Plaintiff OJ Commerce, LLC ("Plaintiff") has filed an Objection to the Reply filed by defendant Traffic Tech, Inc.'s ("Defendant") in support of Defendant's Motion to Dismiss. Plaintiff objects because, in violation of the Court's Standing Order, Defendant's Reply was 24 pages, rather than the maximum 12 pages allowed by the Court's Standing Order. Plaintiff seeks permission to file a Sur-Reply, not to exceed 12 pages, to respond to what it contends are new arguments not asserted in Defendant's original Motion. Defendant has filed a Response to Plaintiff's Objection in which it apologizes for violating the Court's Standing Order and states that it does not oppose the Court granting Plaintiff leave to file a Sur-Reply.

Although it is procedurally improper to request affirmative relief in an "Objection," and such relief should be sought through either a Stipulation, Ex Parte Application, or Motion, as contemplated by the Local Rules, the Court grants Plaintiff leave to file a Sur-Reply, not to exceed 12 pages, by no later than August 19, 2024. In granting leave to file a Sur-Reply, the Court reserves its right not to consider any arguments Defendant raises for the first time in its Reply. See Sweet v. Pfizer, 232 F.R.D. 360, 369 (C.D. Cal. 2005) (declining to consider new argument "as it is improper for a party to raise a new argument in a reply brief") (internal quotation marks omitted)). The hearing calendared for August 26, 2024, is vacated. After considering the parties briefing, the Court will either notify the parties of its decision or the date of the hearing, should it conclude that it would benefit from oral argument.

The Court notes that in its Objection, Plaintiff faults Defendant for citing to numerous instances in which Plaintiff has been involved in litigation, and then asserts that Defendant's "complete shifting of its positions from what it contended during the parties' meet and confer communications and moving brief and to what it contended in its reply illustrates the same bait-and-switch behavior Traffic Tech engaged in during the parties' short-lived business relationship . . . ." These rhetorical tactics, engaged in by both parties, do not serve either parties' interests.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1407 PA (MAAx) | Date | August 14, 2024 |
|---|---|---|---|
| Title | OJ Commerce LLC v. Traffic Tech, Inc. | | |

The Court cautions the parties that future violations of the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders may result in the imposition of sanctions.

IT IS SO ORDERED.