UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1407 PA (MAAx) | Date | October 9, 2024 |
|---|---|---|---|
| Title | OJ Commerce LLC v. Traffic Tech, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

Before the Court is a Motion to Dismiss filed by defendant Traffic Tech, Inc. ("Defendant") (Docket No. 56). Defendant challenges the sufficiency of some of the claims asserted in the Second Amended Complaint ("2nd AC") filed by plaintiff OJ Commerce, LLC ("Plaintiff" or "OJC"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for October 21, 2024, is vacated, and the matter taken off calendar.

## I.       Factual and Procedural Background

Plaintiff commenced this action on February 21, 2024. Defendant filed an Answer and Counterclaim on April 12, 2024. The Court issued a Civil Trial Scheduling Order on May 8, 2024. After meeting and conferring about Defendant's contemplated Motion for Judgment on the Pleadings, the parties stipulated to Plaintiff's filing of a First Amended Complaint ("1st AC"). Like the original Complaint, the 1st AC, filed on July 12, 2024, asserted claims for: (1) fraudulent inducement; (2) breach of contract; (3) California deceptive trade practices; (4) tortious interference; (5) false advertising under the Lanham Act; and (6) false advertising under California law. Plaintiff alleged that the Court possessed both federal question jurisdiction as a result of the Lanham Act claim and diversity jurisdiction.

Defendant filed a Motion to Dismiss challenging the sufficiency of the Lanham Act, state law false advertising, and tort-based claims. In an August 21, 2024 Minute Order, the Court granted Defendant's Motion to Dismiss the Lanham Act claim, but because the 1st AC did not allege sufficient facts to establish the Court's diversity jurisdiction, declined to address the sufficiency of the 1st AC's state law claims. The Court dismissed the 1st AC with leave to amend to properly allege the Court's diversity jurisdiction. Plaintiff then filed the 2nd AC, which alleges the citizenship of the parties, that they are diverse, and that the amount in controversy exceeds the jurisdictional minimum. Defendant then filed the current Motion to Dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1407 PA (MAAx) | Date | October 9, 2024 |
|---|---|---|---|
| Title | OJ Commerce LLC v. Traffic Tech, Inc. | | |

According to the 2nd AC, Plaintiff sells a variety of products to consumers in the United States including Christmas trees and decor. In August 2023, a representative from Plaintiff met with representatives from Defendant to discuss the potential of using Defendant's warehouse and logistics services. Plaintiff alleges that Defendant's representatives told Plaintiff that Defendant had "state of the art facilities, that it was utilizing cutting edge technology, and already did tends of thousands of direct-to-consumer shipments each day and could handle [Plaintiff's] volume." (2nd AC at ¶ 11.) The parties entered into a warehousing and fulfillment agreement, but, according to Plaintiff, Defendant "lacked the system, technology, and solutions" it had promised and was unable to meet Plaintiff's needs. (Id. ¶ 26.) Plaintiff claims that from October 2023 through February 2024, Defendant's "[m]isrepresentations and failures" resulted in approximately 40,000 of Plaintiff's customers having their orders shipped late or mishandled. (Id. ¶ 37.)

Defendant does not challenge the sufficiency of the breach of contract claim in its Motion to Dismiss, but does seek to limit the available damages based on a damages limitation clause in the parties' contract. Primarily, as it does in its Counterclaim, Defendant asserts that Plaintiff has failed to pay for the more than $1 million in warehousing services provided by Defendant and argues in the Motion to Dismiss that Plaintiff has attempted to improperly complicate the parties' straight-forward contractual dispute by asserting tort claims. Defendant asserts that the 2nd AC does not adequately allege its fraud-based and tortious interference claims and that the fraudulent inducement claim is barred by the economic loss rule.

**II.     Legal Standard**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248-49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1407 PA (MAAx) | Date | October 9, 2024 |
|---|---|---|---|
| Title | OJ Commerce LLC v. Traffic Tech, Inc. | | |

possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

The more stringent pleading requirements of Federal Rule of Civil Procedure 9(b) apply to allegations of fraud. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Rule 9(b) requires particularity as to the circumstances of the fraud – this requires pleading facts that by any definition are 'evidentiary': time, place, persons, statements made, explanation of why or how such statements are false or misleading." In re Glenfed, Inc. Securities Litigation, 42 F.3d 1541, 1548 n.7 (9th Cir. 1994); see also Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 540 (9th Cir. 1989) ("A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient.") (citing Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1407 PA (MAAx) | Date | October 9, 2024 |
|---|---|---|---|
| Title | OJ Commerce LLC v. Traffic Tech, Inc. | | |

### III. Analysis

The Court concludes that Plaintiff's tort and fraud-based claims allege sufficient well-pleaded facts to satisfy the applicable federal pleading standards. The Court additionally concludes that Plaintiff's fraudulent inducement claim is not barred by the economic loss rule. Ordinarily, a plaintiff "may not transform its contract claim into one of promissory fraud by simply pleading, without more, that [the other party] never intended to perform on the contracts; something more than nonperformance is required to establish a claim of promissory fraud." Tanedo v. East Baton Roughe Parish Sch. Bd., Case No. SACV 10-1172 JAK (DFMx), 2012 WL 5447959, at *9 (C.D. Cal. Oct. 4, 2012) (citing Tenzer v. Superscope, Inc., 39 Cal. 3d 18, 30, 216 Cal. Rptr. 3d 130, 136-37 (1985)). According to the California Supreme Court, "'[t]ort damages have been permitted in contract cases where a breach of duty directly causes physical injury; for breach of the covenant of good faith and fair dealing in insurance contracts; for wrongful discharge in violation of fundamental public policy; or where the contract was fraudulently induced.'" Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 989-90, 22 Cal. Rptr. 3d 352, 359 (2004) (emphasis added) (quoting Erlich v. Menezes, 21 Cal. 4th 543, 551-52, 87 Cal. Rptr. 2d 886, 891 (1999)).

According to the California Supreme Court, California law allows a tort recovery notwithstanding the economic loss rule in situations where "the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm." Erlich, 21 Cal. 4th at 552, 87 Cal. Rptr. 2d at 891. As the California Supreme Court recently reiterated:

> If the alleged breach is based on a failure to perform as the contract provides, and the parties reasonably anticipated and allocated the risks associated with the breach, the cause of action will generally sound only in contract because a breach deprives an injured party of a benefit it bargained for. However, if the contract reveals the consequences were not reasonably contemplated when the contract was entered and the duty to avoid causing such a harm has an independent statutory or public policy basis, exclusive of the contract, tort liability may lie.

Rattagan v. Uber Technologies, Inc., 324 Cal. Rptr. 3d 433, 451 (2024); see also id. at 460 ("[T]o be held liable in tort, a defendant must commit a tort. If all the defendant has allegedly done is violate the terms of the parties' contract, depriving the plaintiff of the benefits the contract ensures, the defendant's liability is limited by the contract. Broader tort liability only

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1407 PA (MAAx) | Date | October 9, 2024 |
|---|---|---|---|
| Title | OJ Commerce LLC v. Traffic Tech, Inc. | | |

arises if a defendant violates an independent legal duty and the type of harm that ensues was not reasonably contemplated or accounted for by the contractual parties."). "A case in which the plaintiff sues a contractual party for fraud based on conduct committed during the course of a contractual relationship falls outside the economic loss doctrine." Id. at 466. In those circumstances:

> California public policy strongly supports imposing a tort duty on contractual parties to refrain from fraudulent deceit and favors enforcement of valid fraud actions, which the Legislature has facilitated through the enactment of the general fraud statute. Thus, the analysis focuses on whether the plaintiff can establish the elements of the cause of action independently of the parties' contractual rights and obligations. In other words, the question will turn on the nature of the alleged conduct, the provisions of the contract itself, and whether the conduct exposed a party to a risk of harm neither reasonably contemplated nor allocated by the parties before entering their agreement. Parties generally do not enter a contract expecting that its terms will be intentionally ignored.

Id. At least at this stage of the proceedings, and based on what Plaintiff has alleged in its 2nd AC, the Court cannot conclude that the economic loss rule precludes recovery on Plaintiff's claim for fraudulent inducement.

Finally, Defendant seeks to limit the scope of damages Plaintiff might recover from its breach of contract claim by enforcing a damages limitation clause contained in the parties' agreement. That clause states:

> The Warehouseman shall in no circumstances be liable for any indirect loss, consequential damages, or special damages, including loss of profit, loss of business, loss of business opportunities, loss of Owner goodwill or punitive or exemplary damages or the cost and expenses in providing or securing substitute revenues or substitute service providers, for any reason whatsoever even if Warehouseman has been advised of the possibility of the same.

Agreement, ¶ 8.4(iii). Because Defendant is not challenging the sufficiency of Plaintiff's claim for breach of contract, but only seeking to limit the scope of available remedies, the Court concludes that Defendant's argument is beyond the proper scope of a Motion to Dismiss brought

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1407 PA (MAAx) | Date | October 9, 2024 |
|---|---|---|---|
| Title | OJ Commerce LLC v. Traffic Tech, Inc. | | |

pursuant to Federal Rule of Civil Procedure 12(b)(6), and therefore declines to address the issue at this stage of the proceedings.

## Conclusion

For all of the foregoing reasons, the Court denies Defendant's Motion to Dismiss. Defendant shall file an Answer to Plaintiff's 2nd AC by no later than October 21, 2024.

IT IS SO ORDERED.